# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD ELLIOTT URIE and JAYME KORIN URIE,<br><br>                      Plaintiffs,<br><br>vs.<br><br>LUCID GROUP USA, INC. and DOES 1 through 30, inclusive,<br><br>                      Defendants. | Case No.: 3:25-cv-0837-BTM-AHG<br><br>**ORDER 1) DENYING PLAINTIFFS' MOTION TO REMAND, 2) ORDERING PARTIES TO SUBMIT ALL CLAIMS TO ARBITRATION, AND 3) STAYING ACTION PENDING COMPLETION OF ARBITRATION**<br><br>**[ECF NOS. 10, 15]** |

Before the Court is Plaintiffs' Motion to Remand to State Court. (ECF No. 10 ("Mot.").) For the reasons discussed below, the Court **denies** the Motion.

          **I.     FACTUAL AND PROCEDURAL BACKGROUND**

On March 6, 2025, Chad Elliot Urie and Jayme Korin Urie (collectively, "Plaintiffs") filed the Complaint in this matter in San Diego Superior Court. (ECF No. 1-2.) The Complaint alleges that on November 1, 2022, Plaintiffs purchased a 2022

Lucid Air Grand Touring (the "Vehicle") from Defendant Lucid Group USA, Inc. ("Defendant"). (*Id.* ¶ 9.)[1] Plaintiffs allege they experienced significant nonconformities with the Vehicle and that Defendant's authorized repair facilities were unable to repair the Vehicle. (*Id.* ¶¶ 11–12.) The Complaint asserts two claims under California's Song-Beverly Consumer Warranty Act (the "Song-Beverly Act") for breach of express and implied warranties and two claims under the federal Magnuson-Moss Warranty Act (the "MMWA") for breach of express and implied warranties. (*Id.* ¶¶ 16–43.)

Defendant filed an Answer to Plaintiffs' Complaint in the state court action on April 8, 2025 (*see* ECF No. 1-3), and filed its Notice of Removal on April 9, 2025, which states that the Court has federal question jurisdiction over this action under the MMWA. (ECF No. 1, ¶ 12.) Plaintiffs filed their Motion to Remand for lack of subject matter jurisdiction on May 7, 2025, and Defendant filed an Opposition on May 29, 2025. (ECF No. 11 ("Def.'s Opp'n").)

On June 25, 2025, the Parties filed a Joint Motion and Stipulation to Submit Case to AAA Binding Arbitration. (ECF No. 15.) The Joint Stipulation states that the Purchase Agreement that Plaintiffs executed in connection with their purchase of the Vehicle contains an arbitration provision, and that Plaintiffs therefore "agreed to arbitrate any claims or disputes arising between themselves and Lucid." (*Id.* ¶ 1.) The Parties therefore requested that the Court order the Parties to submit all claims to arbitration and stay the action pending the arbitration's completion. (*Id.* ¶¶ 5–6.)

On June 26, 2025, the Court issued an Order regarding the Joint Stipulation. (ECF No. 17.) The Court's Order noted that Plaintiffs' Motion to Remand remained pending and stated that if the Court lacks subject matter jurisdiction over this action, the Court cannot order the Parties to submit to arbitration or order the action to be stayed pending the

---

[1] Plaintiffs actually purchased the vehicle on October 18, 2022; it was delivered to Plaintiffs on November 1, 2022. (*See* ECF No. 1, Notice of Removal, at 1 fn.1; ECF No. 15, Joint Stipulation, ¶ 1.)

outcome of the arbitration. (*Id.*) The Court informed the Parties it would resolve Plaintiffs' Motion to Remand before resolving the Joint Stipulation and ordered Plaintiffs to file a Reply to Defendant's Opposition. (*Id.*) Plaintiffs did so on July 1, 2025. (ECF No. 19 ("Pls.' Reply").)

## II.  LEGAL STANDARD

Plaintiffs argue this action should be remanded to state court because the Court lacks subject matter jurisdiction. A district court has federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A civil action may be removed from state court to federal court if the action is one over which a federal court would have original jurisdiction. *See* 28 U.S.C. § 1441. A civil action may be remanded back to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party invoking federal jurisdiction." *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

## III.  DISCUSSION

### A. The Court has Subject Matter Jurisdiction

#### 1. The Court May Look Outside the Face of the Complaint to Determine if the Amount in Controversy is Satisfied

The MMWA provides for federal jurisdiction unless "the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit." 15 U.S.C. §§ 2310(d)(1)(B), 2310(d)(3)(B). Plaintiffs argue the Court lacks federal question jurisdiction because the MMWA's amount in controversy "is not met on the face of the Complaint." (Mot., at 3.) Defendant correctly notes that this misstates the law. (Def.'s Opp'n, at 3.) If the Complaint is silent as to the amount in controversy, a defendant may provide a good-faith allegation of the amount in controversy in its notice of removal. *Dart Cherokee Basin Op. Co., LLC*

*v. Owens*, 574 U.S. 81, 87 (2014).  If the plaintiff contests the defendant's estimate, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88.  The Court therefore is not limited to the Complaint's contents when determining if the amount in controversy is satisfied.

**2.   The Court May Consider Potential Damages Available under the Song-Beverly Act when Determining if the Amount in Controversy is Satisfied**

Plaintiffs next argue that Defendant's Notice of Removal improperly includes in the amount in controversy the damages that Plaintiffs may recover under the Song-Beverly Act, and that Plaintiffs' damages attributable to the MMWA alone must meet the $50,000 amount in controversy requirement.  (Mot., at 3–4.)  Plaintiffs provide no authority to support this argument and appear to have abandoned it in their Reply.  "Because the MMWA is silent on the question of remedies, courts 'turn[ ] to the applicable state law to determine what remedies are available under the Act, which of necessity informs the potential amount in controversy.'" *Tadevosyan v. Kia America, Inc.*, No. 24-cv-11232-DMG-JC, 2025 WL 1425545, at *2 (C.D. Cal. May 16, 2025) (quoting *Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 127, 1239 (C.D. Cal. 2005)).  The Court therefore agrees with Defendant that a party may include the remedies available under the Song-Beverly Act when determining if the MMWA's amount in controversy requirement is satisfied.  *See Romo*, 397 F. Supp. 2d at 1239–40 (considering damages available under the Song-Beverly Act when determining if the MMWA's $50,000 amount in controversy is satisfied).

Plaintiffs also argue in their Reply that "[w]hile a civil penalty [under the Song-Beverly Act] is alleged in Plaintiffs' complaint, Defendant has failed to provide sufficient evidence regarding the amount of civil penalties awarded in analogous cases and therefore fails to establish that civil penalties are more likely than not to be awarded." (Pl.'s Reply,

at 4.) [2] "[M]any district courts do not require the defendant to provide evidence beyond pointing to claims arising under the [Song-Beverly] Act in the complaint" to include potential damages from civil penalties in the amount in controversy. *Ferguson v. KIA Motors Am. Inc.*, No. 2:20-CV-01192-KJM-DB, 2021 WL 1997550, at *3 (E.D. Cal. May 19, 2021). "However, some district courts have rejected the inclusion of civil penalties or punitive damages when the defendant has not pointed to specific allegations in the complaint that support an award of punitive damages, or provided further evidence." *Id.*; *compare Khachatryan v. BMW of N. Am., LLC*, No. CV 21-1290 PA-PD, 2021 WL 927266, at *3 (C.D. Cal. Mar. 10, 2021) (holding that removing defendants "must make some effort to justify the assumption" that a civil penalty will be awarded) *and Wiles v. Ford Motor Co.*, No. 5:23-CV-00485-SPG, 2023 WL 8006386, at *1 (C.D. Cal. Nov. 17, 2023) (same) *with Modiano v. BMW of N. Am. LLC*, No. 21-cv-00040-DMS-MDD, 2021 WL 973566, at *3–4 (S.D. Cal. Mar. 16, 2021) (holding defendant did not need to provide evidence beyond pointing to complaint's request for civil penalties pursuant to the Song-Beverly Act in order to include civil penalties in the amount in controversy) *and Canesco v. Ford Motor Co.*, 570 F. Supp. 3d 872, 902 (S.D. Cal. 2021) ("[C]ivil penalties [are] appropriate for inclusion in the calculation of the amount in controversy without the defendant needing to 'prove a case against itself' with respect to liability for civil penalties.").

      The Court finds it is appropriate to include the maximum civil penalty that Plaintiffs could be awarded under the Song-Beverly Act in calculating the amount in controversy, even in the absence of "sufficient evidence" from Defendant regarding the likelihood of Plaintiffs recovering the maximum civil penalty. "It would be absurd to suggest a defendant must offer evidence showing it willfully failed to comply with the Song-Beverly

---

[2] The Song-Beverly Act allows for recovery of a civil penalty of up to two times the amount of a plaintiff's actual damages if a defendant's violation of the Act was "willful." Cal. Civ. Code § 1794(c).

Act." *Brooks v. Ford Motor Co.*, No. 20-cv-00302-DSF-kk, 2020 WL 2731830, at *2 (C.D. Cal. May 26, 2020). Plaintiffs' Complaint both alleges that Defendant's violations of the Song-Beverly Act were "willfull" and requests a "civil penalty in an amount of two times Plaintiffs' actual damages." (ECF No. 1-2, Plaintiffs' Complaint, ¶¶ 26, 33, Prayer for Relief.) Plaintiffs have therefore explicitly put civil penalties in an amount of two times Plaintiffs' actual damages "in controversy" in this action. *See Amavizca v. Nissan N. Am., Inc.*, No. 22-cv-02256-JAK-KK, 2023 WL 3020489, at *8 (C.D. Cal. Apr. 19, 2023) ("[Defendant] need not prove that Plaintiffs are more likely than not to obtain the maximum civil penalty award; [Defendant] need only prove, by a preponderance of the evidence, that ***Plaintiffs have placed this amount in controversy***.") (emphasis added).

Nevertheless, as demonstrated below, the amount in controversy is satisfied even if the Court does not include the civil penalties available under the Song-Beverly Act.

**3. The Amount in Controversy is Satisfied**

Plaintiffs' Complaint seeks, among other things, "general, special and actual damages according to proof at trial" and "rescission of the purchase contract and restitution of all monies expended." (ECF No. 1-2, Plaintiffs' Complaint, Prayer for Relief.) Restitution under the Song-Beverly Act is the "amount equal to the actual price paid or payable by the buyer," less the reduction in value "directly attributable to use by the buyer." Cal. Civ. Code §§ 1793.2(d)(2)(B)–(C). Defendant submitted evidence (which Plaintiffs have not challenged) that the Vehicle's purchase price was $152,718.56. (ECF No. 11-2, Defendant's Exhibit D, at 2.) Defendant has estimated that the mileage offset to account for Plaintiffs' use of the Vehicle is "$1,104.66, which accounts for 943 miles of use," and Plaintiffs have not challenged this calculation. (Def.'s Opp'n, at 5.) The Court therefore estimates the amount of restitution available to Plaintiffs under the Song-Beverly Act to be $152,718.56 minus the mileage offset of $1,104.66, or $151,613.90, thus satisfying the amount in controversy. After considering the maximum civil penalty available under the Song-Beverly Act (twice the amount of actual damages, or $303,227.80) the amount in controversy increases to is $454,841.70. Therefore, the Court finds by a preponderance of

the evidence that the $50,000 amount in controversy requirement under the MMWA is satisfied.[3]

**B.  Removal is Appropriate Under the MMWA**

Plaintiffs also argue that even if the amount in controversy is met, because the MMWA "does not create exclusive federal jurisdiction," the Court may "decline jurisdiction in deference to state lemon law claims better suited for California courts." (Mot., at 4.)  In response, Defendant argues that "because the Magnuson-Moss Act provides original federal jurisdiction, removal under it is entirely appropriate, and occurs frequently in California federal districts." (Def.'s Opp'n, at 6.)

The Court agrees with Defendant.  Plaintiffs are correct that there is a "'strong presumption against removal jurisdiction. . .,' [and the] court resolves all ambiguity in favor of remand to state court." *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).  However, that does not mean that a court is ***obligated*** to remand an action to state court when a defendant ***has*** established that the court does have subject matter jurisdiction.  As noted by Defendant, district courts within the Ninth Circuit regularly deny motions to remand actions that assert claims under both the MMWA and California state laws.  *See, e.g.*, *Guerrero v. Mercedes-Benz USA, LLC*, No. 23-CV-00242-SSS-SP, 2023 WL 4085975, at *2 (C.D. Cal. June 20, 2023) (denying motion to remand action that asserted MMWA and Song-Beverly act claims); *Singh v. Hyundai Motor Am.*, No. 2:23-CV-01840-DAD-AC, 2023 WL 8295957, at *1, *6 (E.D. Cal. Dec. 1, 2023) (same); *Lawson v. BMW of N. Am. LLC*, No. 21-cv-02063-BLF, 2021 WL 4783595, at *1 (N.D. Cal. Oct. 14, 2021) (denying motion to remand

---

[3] The Song-Beverly Act also allows for the recovery of attorney's fees, which are included in the amount in controversy calculation.  *See* Cal. Civ. Code § 1794(d); *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018).  Because the amount in controversy is more than satisfied without considering attorney's fees, the Court does not address attorney's fees.

action that asserted claims under MMWA and California's Uniform Commercial Code).

Plaintiffs have presented no compelling reason why the Court should decline to exercise its jurisdiction over this matter. Therefore, because the MMWA's amount in controversy requirement is satisfied, the Court declines to remand this action to state court.[4]

## IV. CONCLUSION

For the reasons discussed above, Plaintiffs' Motion to Remand is **DENIED**. Pursuant to the Parties' Joint Stipulation (ECF No. 15) and good cause being shown, **IT IS HEREBY ORDERED** that Plaintiffs and Defendant shall submit all claims in the instant action to binding arbitration per the terms of the parties' Purchase Agreement. All currently scheduled hearings are **VACATED**. It is further ordered that this case is **STAYED** pending the completion of the arbitration. The Court will hold a status conference on January 26, 2026, at 2 p.m. in Courtroom 15B.

**IT IS SO ORDERED.**

Dated: July 24, 2025

_____
Honorable Barry Ted Moskowitz
United States District Judge

---

[4] The Court does not address Plaintiffs' additional argument that the Court lacks diversity jurisdiction because Defendant has stated that it is not asserting diversity jurisdiction. (*See* Mot., at 5; Def.'s Opp'n, at 2.)